UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. MCDONALD,<br>    Plaintiff, | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. 3:08-CV-0547-B |
| | § | |
| EQUIFAX, et al.<br>    Defendants. | §<br>§ | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Michael L. McDonald ("Plaintiff") files this, his first amended original complaint in this matter, and respectfully shows as follows:

<u>Parties, Jurisdiction, Venue</u>

1. Plaintiff Michael L. McDonald is an individual residing in Rockwall County, Texas.

2. Defendants are as follows:

    a. Equifax, Inc. ("Equifax") – a foreign corporation doing business in Rockwall County, Texas, served through its registered agent Prentice-Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

    b. Experian, L.L.C. ("Experian") – a foreign limited liability company doing business in Rockwall County, Texas, served through its registered agent CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201.

    c. Trans Union, L.L.C. ("Trans Union") – a foreign limited liability company doing business in Rockwall County, Texas, served through its registered agent Prentice-Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3. This Court's jurisdiction was invoked pursuant to diversity of citizenship by Defendants. Plaintiff asks that the Court also exercise its supplemental jurisdiction over all non-federal claims, inasmuch as this set of allegations and claims constitute a single action and should be heard in the same case. Further, venue is proper as to all defendants pursuant to 28 U.S.C. 1391(c).

### General Factual Basis For Complaint

4. On or about February 14, 2006, Plaintiff attempted to secure a loan from Palm Harbor Homes, so that he could buy a manufactured home for himself and his family. At that time, representatives of Palm Harbor Homes ran what is commonly called a credit report on Plaintiff. This credit report was received by Palm Harbor Homes from Defendant Equifax. Upon receiving the results, the Palm Harbor Homes representatives informed Plaintiff that they could not extend credit to him, because of the status of his credit history.

5. Upon an examination conducted over the next few days, Plaintiff found that the Equifax report contained many inaccuracies, including, but not limited to, information linked to an unrelated person through an unrelated social security number and information concerning debts that were not the Plaintiff's debts.

6. Since obtaining the Equifax report in February 2006, Plaintiff has obtained reports from all of the Defendants herein. Plaintiff has noted that the reports contain duplicate and / or inaccurate information. Plaintiff has made repeated written demand upon each of the Defendants herein for inaccurate information to be removed from his credit reports, including duplicate reporting.

7.      Plaintiff's efforts initially appeared to meet with some success, but, in many cases, the errors and inaccuracies crept back into the Defendants' reports.

8.      Plaintiff states that the ongoing inaccuracies include, but are not necessarily limited to, the following:

a.      information contained on Plaintiff's credit report relating to a female with a social security number similar to Plaintiff's.

b.      accounts from the following creditors that Plaintiff states are not correctly reported and have not been consistently correctly reported since he first became aware of the problems with his credit reports:

*Bay Area Credit Service* (Creditor – at T Texas, Account 77024322).

*Collection Company of America* (Creditor – Sprint PCS, Account 2150747).

*Syndicated Office Systems* (Creditor – Doctors Hospital, Accounts 257602393, 373150152, 270583923, 258762832, 335623757, 263555101, 269005694, 313924965, 354271682).

*Syndicated Office Company of America* (Creditors – Lake Pointe Hospital, Accounts 62595678, 644846664, 212435275, 335788696, 344000547, 335793546, 371826212, 335795367, 264242386, 270199728289, 270231778074, 245646902, 270195779114, 247358853, 270212434178, 270212433419, 270190672444; Ray Hubbard Emergency Physicians, Accounts 702649119, 689504733, 681492512).

*Synerprise Consulting Services, Inc*. (Creditor - Northeast Pathology, Account 2072764).

*Medical Data Systems, Inc.* (Creditor – Medical Center of Mesquite, Accounts 3026472, 3012691, 3020179; Mesquite Community Hospital, Accounts 8075104, 8056504, 8053363, 8052092, 8051511, 8050482, 8031248, 55442).

*I.C. Systems, Inc.* (Creditor John Curanovic MD PA, Account 424318054).

*Central Finance Control* (Creditors – Lake Pointe Medical Center, Accounts 739212132, 644846664, 625295678, 642452627, 190672444, 191722479, 192191996, 195779114, 198704207, 198894207, 199728289, 202145142, 204015671, 208151881, 208154263, 208155592, 212433419, 212434178, 212435275, 212843306, 214229529, 220103448; Doctors Hospital, Accounts 255669351, 257602393, 258762832, 263555101, 269005694, 270583923, 313924965, 335623757, 354271682, 373150152)

*Collection Co. of America* (Creditors – ER Centers of America, Account 1760055; White Rock Radiology, Account 2313870; Sprint PCS, Account 2150747).

*NCO – Medclear* (Creditor Ray Hubbard Emergency Physicians, Account 39763417).

*NCO Financial* (Creditor Ray Hubbard Emergency Physicians, Accounts 702649119, 688569644).

9.  As a direct and proximate result of the Defendants' inaccurate reporting, Plaintiff has been damaged, because he has been unable to obtain credit or to obtain it at a favorable rate. Plaintiff was unable to obtain financing for the home from Palm Harbor. Plaintiff could only obtain a car loan from Drive Financial at 18% interest. Plaintiff was forced to place a deposit of $750.00 if he wished to obtain cellular phone service.

Plaintiff was unable to secure a residence for his family and spent much of August and September of 2006 living in various motels, until he was finally able to lease a less than desirable residence for himself, his wife, and four children.

10.  Further, Plaintiff has suffered mental anguish, anxiety, depression, and accompanying physical symptoms, including difficulties with his blood pressure, sleeping, and concentrating.

11.  Plaintiff has made repeated telephonic demands for relief and has written each Defendant asking for relief on more than one occasion.

12.  During this series of events, Defendant Trans Union provided Plaintiff with a credit report that stated that Trans Union had no record of Plaintiff prior to 2002, which was simply not true.

13.  Despite diligent efforts by Plaintiff, his credit reports continue to contain inaccurate and damaging information.  Upon information and belief, Plaintiff's credit reports continue to contain inaccurate and damaging information.

13.  For these reasons, Plaintiff asks that the Court award him a declaratory judgment and relief and declare that Defendants have a statutory duty to Plaintiff under, *inter alia*, the Fair Credit Reporting Act, to correct the errors in Defendants' reports.  Plaintiff also asks that he be awarded his reasonable and necessary attorney's fees.

Liability of Defendants

14.  Plaintiff incorporates the factual allegations above and states that they show that he should recover against Defendants for the damages caused him by the Defendants' violations of the Fair Credit Reporting Act.  Defendants have violated the Fair Credit Reporting Act by, *inter alia*,

  a. Failing to follow reasonable procedures to assure the maximum possible accuracy of their reports.

  b. Failure to correct erroneous information about Plaintiff after repeated and reasonable requests.

  c. Failure to remove and/or to permanently correct inaccurate and derogatory credit information about Plaintiff.

  d. Commingling information about Plaintiff and another unrelated individual.

  e. Failing to promptly and adequately investigate information that Plaintiff disputed or the Defendants otherwise had notice was inaccurate.

  f. Continuing to place, restoring and/or failing to delete, information about Plaintiff that is inaccurate after being notified by Plaintiff and/or creditors that such information was inaccurate.

  g. Failing to take adequate steps to verify information concerning Plaintiff and or Plaintiff's alleged debts that Defendants had reason to believe was not accurate before placing it on Defendants' reports.

15. Each of these violations has directly and proximately caused Plaintiff damages in excess of the minimum jurisdiction of this Court. Further, because Defendants' actions were taken in a knowing and willful fashion, Plaintiff is entitled to recover punitive damages.

16. Defendants and their agents or representatives have committed acts of negligence and negligence per se. Defendants, by their actions, failures to act, and/or omissions, have damaged Plaintiff by creating and publishing credit reports concerning Plaintiff that were demonstrably inaccurate. Defendants owed Plaintiff a duty not to create and

publish inaccurate reports and a duty to correct any such report once notified of the inaccuracies. Defendants breached their duty and, as a proximate and immediate result, Plaintiff has been damaged in an amount in excess of the minimum jurisdiction of this Court. Further, Defendants have acted knowingly, intentionally, and willfully. Therefore, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish and deter.

17. Defendants and their agents or representatives have defamed Plaintiff and damaged his reputation in the community. Defendants, by their actions, failures to act, and/or omissions, have damaged Plaintiff by creating and publishing false statements about Plaintiff, in this case credit reports concerning Plaintiff that were demonstrably inaccurate. Defendants owed Plaintiff a duty not to make such statements by creating and publishing inaccurate reports about Plaintiff in the community. Defendants breached their duty and, as a proximate and immediate result, Plaintiff has been damaged in an amount in excess of the minimum jurisdiction of this Court. Further, Defendants have acted knowingly, intentionally, and willfully. Therefore, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish and deter.

18. Plaintiff has suffered damages as set forth herein that were directly and proximately caused by Defendants. Plaintiff seeks to recover for these damages, including for damage to his reputation, for his mental anguish, and his attorney's fees and costs of court. Plaintiff seeks to recover all of these damages, as well as exemplary damages and any other damages to which he is entitled under applicable law, from Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the Court grant the relief requested, the damages requested, attorney fees, pre and postjudgment interest as allowed by law, costs of suit, and such other and further relief to which he may show himself justly entitled, both at law or in equity.

Respectfully submitted,

/s Todd W. White_____
Todd W. White
State Bar No. 21332700

THE WHITE LAW FIRM
301 North San Jacinto
Rockwall, Texas 75087
Telephone:   972-771-8011
Telecopy:    972-771-8081

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing document was served in accordance with the Federal Rules of Civil Procedure via electronic delivery through the PACER system, as ordered by the Court, on August 1, 2008.

/s Todd W. White_____
Todd W. White