UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL L. MCDONALD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-0547-B |
| | § | |
| EQUIFAX, INC., EXPERIAN LLC, and TRANS UNION LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Trans Union LLC's Reasserted Motion to Dismiss Plaintiff's Request for Declaratory Relief under Federal Rules of Civil Procedure 12(b)(6) for Failure to State a Claim (doc. 24). After consideration of the motion, and noting that Plaintiff has not filed a response, the Court finds that the Motion should be, and hereby is, **GRANTED**.

## Background

Plaintiff filed his Original Petition against Equifax, Inc., Experian LLC, and Trans Union LLC on February 14, 2008 in state court asserting claims for violations of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 et. seq., and common law causes of action for negligence, negligence per se, and defamation. Plaintiff also asked "that the Court award him a declaratory judgment and relief and declare that Defendants have a statutory duty to Plaintiff under, *inter alia*, the Fair Credit Reporting Act, to correct the errors in Defendants' reports." The case was removed to this Court on March 28, 2008. Only Equifax and Trans Union have been served and have both answered. On March 28, 2008, Trans Union filed a Motion to Dismiss alleging failure to state a claim or, in the

alternative, making a motion for a more definite statement. Plaintiff filed an amended Complaint on August 1, 2008, rendering the Motion to Dismiss moot. Trans Union filed this Motion to Dismiss seeking to dismiss Plaintiff's claims for declaratory relief and injunctive relief, arguing a private plaintiff cannot seek declaratory or injunctive relief under the FCRA.

## Dismissal under Rule 12(b)(6)

Rule 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court liberally construes the claims in the claimant's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). The "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). However, the Court "will not strain to find inferences favorable" to the claimant. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted)).

## Availability of Declaratory Judgment or Injunctive Relief under the FCRA

The Fifth Circuit has unequivocally held that private litigants may not seek injunctive relief against consumer reporting agencies under the FCRA. *Washington v. CSC Credit Services*, 199 F.3d 263, 268 (5th Cir. 2000); *Poulson v. Trans Union, LLC*, 370 F. Supp.2d 592, 593 (E.D. Tex. 2005). In *Washington*, the circuit court noted that the FCRA's civil liability provisions "expressly refer to damages and attorney fees without mentioning injunctive relief." *Washington*, 199 F.3d at 268 (citing 15 U.S.C. §§ 1681n–1681o). The omission of any reference to injunctive relief was significant to the Fifth Circuit in light of other sections of the FCRA which give the Federal Trade Commission

and other agencies the express power to obtain injunctive relief. *Id.* The Fifth Circuit held that this grant of power to the FTC to pursue injunctive relief, together with the absence of a similar grant to private litigants, "persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the Federal Trade Commission." *Id.*; *accord. Anderson v. Capitol One Bank*, 224 F.R.D. 444, 448 (W.D. Wis. 2004); *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. 328, 339–40 (N.D. Ill. 2002).

Private litigants seeking to bring an action under the FCRA are limited to the remedies provided them in sections 1681n and 1681o, which include statutory, actual, and punitive damages, including attorney's fees. *Poulson*, 370 F. Supp.2d at 593 (citing 15 U.S.C. §§ 1681n, o). "Conspicuously absent" from the list of remedies available to the private litigant is injunctive relief, declaratory relief, or other forms of equitable relief. *Id.*; *Anderson*, 224 F.R.D. at 448–49; *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. at 339.

Courts have also found other reasons why a declaratory judgment is not a remedy available to private litigants under the FCRA. The primary purpose of the Declaratory Judgment Act is to "avoid accrual of avoidable damages to one not certain of his rights and to afford him early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. at 340. A plaintiff's request for a declaration that defendant violated the FCRA is "not the type of action contemplated by the Declaratory Judgment Act." *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. at 340; *see also Anderson*, 224 F.R.D. at 448–49. Additionally, the Declaratory Judgment Act is procedural only and does not expand the court's subject matter jurisdiction. *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. at 340. The courts are limited to enforcing the liability created in the statute, which

limits the liability for a private right of action under the FCRA to damages, not declaratory relief. *Id.*; *see also* 15 U.S.C. §§ 1681n, o.

## Analysis

In this case, the Plaintiff has made a request for a declaratory judgment regarding the Defendants' statutory duty under the FCRA and further relief which the Court construes as a request for injunctive relief. These claims for declaratory judgment and injunctive relief are not available under the FCRA. *See Poulson*, 370 F. Supp.2d at 593; *Anderson*, 224 F.R.D. at 448–49; *In re Trans Union Corp. Privacy Litigation*, 211 F.R.D. at 339. Therefore, there is no basis in law for Plaintiff's claims for declaratory judgment and injunctive relief under the FCRA, and he is therefore not entitled to such relief. *See* FED. R. CIV. P. 12(b)(6); *see also Conley*, 355 U.S. at 45–46.

## Conclusion

Based on the foregoing analysis, the Court **GRANTS** Defendant Trans Union's Motion to Dismiss (doc. 24). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's claims for a declaratory judgment and injunctive relief against Trans Union LLC are hereby **DISMISSED WITH PREJUDICE**.

The Court notifies Plaintiff that it intends to dismiss the same claims against all other named Defendants in this case for the reasons stated above. If he chooses, Plaintiff has **ten days from the date of this Order** to file an objection and provide briefing as to why the declaratory judgment and injunctive relief claims against Equifax, Inc. and Experian, LLC should not also be dismissed.

SO ORDERED.
SIGNED December 8, 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE