UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL L. MCDONALD, § § Plaintiff, § § v. § § EQUIFAX, INC., EXPERIAN LLC, and § TRANS UNION LLC, § § Defendants. § | CIVIL ACTION NO. 3:08-CV-0547-B |

## MEMORANDUM ORDER

Before the Court are Defendant Trans Union LLC's Motion for Summary Judgment (doc. 43) and Defendant Equifax Inc.'s Motion for Summary Judgment (doc. 45). For the reasons discussed below, the Court **GRANTS** both Motions.

### I.

### BACKGROUND

Plaintiff Michael McDonald filed this lawsuit against Equifax, Inc. ("Equifax"), Experian LLC ("Experian"), and Trans Union LLC ("Trans Union") on February 14, 2008 in the 382nd Judicial District Court, Rockwall County, Texas. (Notice of Removal ¶ 1.) In the original petition, McDonald alleged that errors on his credit reports caused him to be denied credit, and asserted a claim for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), among other causes of action. (Orig. Pet. 2–5.) Trans Union removed the case to this court based on federal question jurisdiction. (Notice of Removal ¶ 5.) McDonald filed an Amended Complaint on August 1, 2008.

According to the Amended Complaint, on or about February 14, 2006, Plaintiff Michael McDonald attempted to secure a loan from Palm Harbor Homes so that he could buy a manufactured home for himself and his family. (Am. Compl. ¶ 4.) At that time, representatives of Palm Harbor Homes ran a credit report on McDonald. (*Id.*) According to McDonald, the credit report was received from Defendant Equifax. (*Id.*) Upon receiving the report, the Palm Harbor Homes representative informed McDonald that they could not extend credit to him because of the status of his credit history. (*Id.*) Upon examination of the report over the next few days, McDonald asserts that he found the Equifax report contained many inaccuracies, including, but not limited to, information linked to an unrelated person through an unrelated social security number and information concerning debts that were not McDonald's. (*Id.* at ¶ 5.) McDonald has since obtained reports from Experian and Trans Union which he alleges contain duplicate and/or inaccurate information. (*Id.* at ¶ 6.)

McDonald asserts he has made repeated written demand upon each of the Defendants herein for inaccurate information to be removed from his credit reports, including duplicate reporting. (*Id.*) Because of these inaccuracies, McDonald claims, he has suffered damages because he has been unable to obtain credit or to obtain it at a favorable rate. (*Id.* at ¶ 9.) McDonald asserts causes of action for violations of the FCRA, negligence, negligence per se, and defamation.[1] (*Id.* at ¶ 14–17.)

---

[1] McDonald does not specify what section of the FCRA he alleges the defendants have violated. Rather, McDonald alleges the defendants have violated the FCRA by :

    a.    Failing to follow reasonable procedures to assure the maximum possible accuracy of their reports.

    b.    Failure to correct erroneous information about Plaintiff after repeated and reasonable requests.

The Amended Complaint also asserts claims for declaratory judgment and equitable relief, but those claims were dismissed by Order of this Court on December 8, 2008. (doc. 35).

At the time that he filed the lawsuit, McDonald was represented by counsel, but he later consented to the withdrawal of his counsel. (doc. 26). The Court granted counsel's Motion to Withdraw on September 29, 2008 and instructed plaintiff that as a *pro se* party, he is required to read and follow the local civil rules of this Court and the Federal Rules of Civil Procedure. (doc. 27). On December 8, 2008, the Court issued an order for McDonald to show cause for the failure to file proof of service upon Experian LLC. (doc. 36). On December 31, 2008, after receiving McDonald's response, the Court dismissed the claims against Experian without prejudice for failure to timely serve the defendant. (doc. 41). The remaining defendants, Trans Union and Equifax, subsequently filed Motions for Summary Judgment. (docs. 43, 45). McDonald responded in the form of a letter directed to the Court indicating his concern that the defendants were "trying to form some type of

---

    c.    Failure to remove and/or to permanently correct inaccurate and derogatory credit information about Plaintiff.

    d.    Commingling information about Plaintiff and another unrelated individual.

    e.    Failing to promptly and adequately investigate information that Plaintiff disputed or the Defendants otherwise had notice was inaccurate.

    f.    Continuing to place, restoring and/or failing to delete, information about Plaintiff that is inaccurate after being notified by Plaintiff and/or creditors that such information was inaccurate.

    g.    Failing to take steps to verify information concerning Plaintiff and or Plaintiff's alleged debts that Defendants had reason to believe was not accurate before placing it on Defendants' reports.

(Am. Compl. ¶ 14.)

theory that the civil suit can not establish its claims." (Pl. Response to Motion for Summary Judgment 1.) In his letter, McDonald asserts that "documents [he] turned over to council [sic] will prove to support all facts and alligations [sic] of the civil suit filed against all defendants." (*Id.* at 2.) McDonald does not, however, attach any documents to the response to support his claims. McDonald asks the court to deny the request for summary judgment and, further, seeks permission to re-serve Experian since they were "served incorrectly the first time." (*Id.*)

## II.

## LEGAL STANDARDS

*A.    Summary Judgment Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Id.* Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement

is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

**B.   *Fair Credit Reporting Act ("FCRA")***

The purpose of the Fair Credit Reporting Act (FCRA) is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit ... in a manner which is fair and equitable to the consumer ... in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b); *Morris v. Equifax Information Services, LLC*, 457 F.3d 460, 465 (5th cir. 2006). Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "A credit entry may be 'inaccurate' within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895–96 (5th Cir. 1998) (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1258 (5th Cir.1986)). The Fair Credit Reporting Act does not impose strict liability for inaccurate entries. *Id.* at 896. Rather, the plaintiff must show

that the inaccuracy resulted from a negligent or willful failure to use reasonable procedures when the report was prepared. *Id.* (citing *Thompson v. San Antonio Retail Merchants Assoc.*, 682 F.2d 509, 513 (5th Cir.1982)). In addition, the FCRA sets forth procedures in case of disputed accuracy of the report, including procedures for reinvestigation. 15 U.S.C. § 1681i.

If a consumer reporting agency negligently fails to comply with section 1681e(b) or 1681i(a), it may be liable for any actual damages sustained as a result of the violation, costs of court, and reasonable attorney's fees. *Pinner*, 805 F.2d at 1261–62; *Patterson v. Sierra Pacific Mortg. Co., Inc.*, No. 3:07-cv-1601-G, 2008 WL 2596904, at *5 (N.D. Tex. 2008). A willful violation of section 1681e(b) or 1681i(a) subjects the consumer reporting agency to punitive damages. *Pinner*, 805 F.2d at 1261–62; *Patterson*, 2008 WL 2596904, at *5.

The FCRA preempts state law claims for defamation and negligence with respect to the reporting of information unless the plaintiff consumer proves "malice or willful intent to injure" the consumer. 15 U.S.C. § 1681h(e); *see also Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 637 (5th Cir. 2002) (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992); *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980)).

C.  *Pro Se Litigants*

Prior to examining the issues before the Court, the Court notes that pro se litigants are expected to comply with the rules of pleading and the rules of service. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)(per curiam). The district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Rather, the non-movant must "identify specific evidence

in the record, and [ ] articulate the 'precise manner' in which that evidence support[s][her] claim." *Bookman v. Shubzda*, 945 F. Supp. 999, 1004 (N.D. Tex. 1996) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). A plaintiff's pro se status does not absolve him of his obligation to set forth specific facts supporting his claims. *Id.*; *Jones*, 82 F.3d at 1338. "There is a point at which even pro se litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention." *Bookman*, 945 F.Supp. at 1005; *Blanks v. Ford Motor Credit*, No. 3:04-cv-0331-B, 2005 WL 991241, at *3 (N.D. Tex. April 20, 2005) (Boyle, J.). However, when considering a motion for summary judgment in the absence of proof from a pro se non-movant, courts may but are under no obligation to survey the record in search of evidence in favor of the non-responding plaintiff's case. *Jones*, 82 F.3d at 1338, 1338 n.3; *Bookman*, 945 F. Supp. at 1002; *Marshall v. Valdez*, No. 3:02-CV-1668-B (N.D. Tex. Nov. 30, 2004) (Boyle, J.).

## III.

## ANALYSIS

In its Motion for Summary Judgment, Trans Union and Equifax argue that McDonald cannot carry his burden of establishing that Trans Union has violated the Fair Credit Reporting Act. The defendants assert that the reporting was accurate and there is no evidence of any inaccuracy.[2] In addition, Trans Union argues that McDonald's negligence, negligence per se, and defamation claims are pre-empted by the FCRA as a matter of law. McDonald responds that he has provided documents to the defendants that prove his case, but does not include those documents in any filings before this Court.

---

[2] Both defendants present other additional arguments, but the Court need not reach them in ruling on the motions.

As the Plaintiff in this action, McDonald would have the burden of proof on his claims at trial. In moving for summary judgment, Trans Union and Equifax argue McDonald has no evidence to indicate any issue of material fact for trial. For example, Trans Union argues, and Equifax joins in the argument, that McDonald has provided no evidence that the reports contain inaccurate information. McDonald's complaint identifies a number of collection accounts relating to medical treatment in and around the Rockwall, Texas area where McDonald resides (Am. Compl. ¶¶ 1, 8.)

Yet, in response to the defendants' assertions that McDonald has no evidence to support his claims, McDonald simply offers unsupported statements that he has provided documents to the defendants that support his allegations. He does not bring forth any documents to demonstrate the inaccuracies. McDonald's letter directed to the Court cannot be considered as evidence to support his claims because it is not a proper affidavit.[3] In effect, McDonald brings forth no evidence to support his allegations. Even looking into the entire record to determine if there is evidence to support his claims, the Court finds that there has been no evidence provided to the Court at any point that would establish a genuine issue of material fact in this case. *See Jones*, 82 F.3d at 1338, 1338 n.3; *Bookman*, 945 F.Supp. at 1005. Accordingly, because the defendants have pointed out the absence of evidence supporting McDonald's FCRA claim and McDonald has failed to come forward with specific facts supporting that claim, the defendants are entitled to summary judgment on the FCRA claim. See *Little*, 37 F.3d at 1075; *Blanks*, 2005 WL 991241, at *5.

Furthermore, McDonald has pointed to no evidence supporting an inference that the

---

[3] The handwritten letter cannot be considered affidavit evidence. A signature that appears to be McDonald's is at the bottom of the letter, but McDonald has not sworn to the truth of his statements or had his signature notarized. *See* FED. R. CIV. P. 56(e). Neither does the letter address whether McDonald is competent to testify on the matters he addresses therein. *See id.*

defendants reported information with malice or willful intent toward him. The viability of the state law claims relies upon such a showing. *See* 15 U.S.C. § 1681h(e); *see also Young*, 294 F.3d at 637. McDonald has brought forth no evidence to establish a genuine issue for trial on the defendant's malice or willful intent toward him. Therefore, the defendants prevail on the state law claims of negligence, negligence per se, and defamation relating to the alleged inaccurate reporting, as a matter of law.

## IV.

## CONCLUSION

McDonald has not brought forward any evidence to show a genuine issue for trial. *See Matsushita*, 475 U.S. at 587. Therefore, the Motions for Summary Judgment filed by Trans Union and Equifax are **GRANTED**. Trans Union and Equifax prevail on all of McDonald's asserted claims as a matter of law.

**SO ORDERED.**

**SIGNED September 2, 2009**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE